## BROWN *v*. POOL.

[90 South. 179. No. 22075.]

ATTORNEY AND CLIENT. *Summary remedy by motion against an attorney can be maintained only by the client.*

The summary remedy by motion against an attorney, authorized by section 225, Code 1906 (Hemingway's Code, section 202), can only be maintained by the client.

APPEAL from circuit court of Newton county.

HON. A. J. McLAURIN, Judge.

Petition by R. L. Pool, alleging that T. C. Brown, an attorney at law, had represented him in a prosecution styled *R. L. Pool* v. *J. M. Linton* to compel an accounting for money alleged collected therein. Default judgment for petitioner, and order entered that the attorney be disbarred from practicing law until the judgment was paid, and the attorney appeals. Reversed and dismissed.

*T. C. Brown* and *Clayton D. Potter*, for appellant.

COOK, J., delivered the opinion of the court.

Appellee, R. L. Pool, filed a motion or petition in the circuit court of Newton county, alleging in substance that T. C. Brown, an attorney at law, had represented him as his attorney in the prosecution of a certain cause styled *R. L. Pool* v. *J. M. Linton,* and, after final judgment, had collected thereon the sum of thirty-seven dollars which he had failed to pay over to petitioner, and praying that this attorney be summoned to appear and render an accounting as the statute in such case provides. The petition prayed that the record in the cause in which it was alleged appellant, Brown, had represented appellee should be made a part of the petition, but the exhibit filed with the petition consisted of the record in a case styled *Mrs. Mattie Skinner, Executrix of the Estate of Mrs. L. J. Pool, Deceased,* v. *J. M. Linton.*

In response to process served upon him, appellant appeared at the return term and filed his answer to the motion. This answer set up, among other things, that the motion filed against him does not show that demand had been made as required by statute; that the record filed as an exhibit to appellee's motion affirmatively shows that he did not represent appellee, R. L. Pool, in the litigation referred to; that the record of the suit in question shows that he had successfully represented Mrs. Mattie Skinner, executrix, in the justice, circuit and supreme courts; that his fees for services rendered in this litigation had not been fully paid, and that the said Mrs. Mattie Skinner, executrix, was still indebted to him for the balance due for services rendered. The answer then set forth a statement of account between himself and the said Mrs. Skinner, executrix, and prayed for the dismissal of the motion against him.

There do not appear to have been any further steps taken at that term of court, but at the next term, with his answer and motion to dismiss undisposed of, a default judgment was entered in favor of the said R. L. Pool and

against appellant for the sum of thirty-seven dollars, and ten per cent damages, and it was further ordered that appellant, T. C. Brown, be disbarred from the practice of law until this judgment was paid. From this default judgment this appeal was prosecuted.

The statute attempted to be invoked by this proceeding is section 225, Code of 1906 (Hemingway's Code, section 202), which in part, provides that— "Every attorney or counselor at law receiving money for his client, and failing or refusing to pay the same when demanded, may be proceeded against in a summary way, by motion," etc.

The record of the suit out of which this controversy arose is made a part of appellee's motion against the attorney, and an inspection of this record shows that appellee was not a party to this litigation, and that appellant did not represent him in any capacity, and therefore appellee cannot maintain this action against the attorney. Whether the former client of appellant has any right or valid claim against him can only be determined in a contest between the attorney and client, and appellant's motion to dismiss the petition or motion filed against him should have been sustained.

There are numerous other assignments of error, some of which we think would require a reversal of this cause, but, since the views we have expressed above will dispose of this case finally, we deem it unnecessary to notice the other assignments.

*Reversed and dismissed.*